*Michael Ranis, Attorney at Law*
*Co-Lab (...)*
*45 St. Joh(...)*
*Goshen, New (...)*
*(914)58(...)*
*mranislaw@(...)*

> Plaintiffs' request for a pre-motion conference is denied without prejudice to renewal. Given Defendants' representation that they will have fully responded to Plaintiffs' discovery demands by no later than June 14, 2021, the parties are directed to file a joint letter regarding the status of this discovery dispute by June 15, 2021. If the dispute has not been resolved by then, Plaintiffs may renew their request for a pre-motion conference.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        June 2, 2021

<u>Via ECF</u>

Honorable Phillip M. Halpern
United States District Court
Southern District of the State of New York
300 Quarropas Street
White Plains, NY  10601

  Re: **Nash, et al. v. Countywide Carting Ltd., et al.**
     *Docket # 19-cv-9138 (PMH) (AEK)*

Dear Judge Halpern:

  I am counsel for the multiple plaintiffs in this matter and write regarding a discovery dispute that has arisen between the parties.  Plaintiffs seek a pre-motion discovery conference with the Court before filing a Motion to Compel production of documents in Response to their First Request for Production of Documents and Answers to Plaintiffs' First Set of Interrogatories.

  This is a case brought by plaintiffs alleging defendants' failure to make overtime payments to seven plaintiffs as required under the Fair Labor Standards Act and the New York Labor Law.  Plaintiffs served the Requests and Interrogatories on March 18, 2021.  The thirty day period for production and answer as specified in Fed. R. Civ. P. 33 & 34 passed on April 19, 2021.

  The requests call for production of data regarding the wage rates, salary payments, the hours worked, financial relationships between the defendants (including CW Maintenance, the potential subsidiary of defendant Countywide), and defendants' assets.  The requests also require information about defenses defendants may raise as to the hours worked by plaintiffs, the applicable rate of pay, and defendants' relationship with the vendor garbage dumps or with its own related entities.

  During the longstanding mediation process that occurred between the parties between late January and April 29, 2021, plaintiffs repeatedly requested from defendants production of materials and data required by the Standing Order and Protocol for FLSA cases in the mediation program.   Plaintiffs four times produced information required by the Protocol (including excel

spreadsheets with calculated damages), but defendants failed to make any production during any part of the mediation process.  On April 13, 2021, after several communications (including by telephone), plaintiffs made an additional production regarding damages to defendants and simultaneously wrote about defendants continued lack of disclosure in the mediation process: "You haven't responded on several occasions when I've asked for estimates or information about when your clients would be producing documents or information for the mediation - most recently last week."

      I have communicated with defendants' counsel on several occasions after the expiration of the 30-day period for production of plaintiffs' requests and interrogatories.  I briefly certify making the following communications with defendants' counsel.   On Monday, May 3, 2021, I wrote both of defendants' counsel again and on May 4, I spoke with counsel David Nieporent about the lack of production and the discovery deadlines.  We agreed that the first part of the production would begin on Wednesday, May 5, 2021, and that further production would occur at the start of the week of May 10.   Plaintiffs received no production on either of those days, nor any other communication from defendants about the production.  I contacted defendant's counsel by email on Tuesday, May 11 about the deficiencies.  I requested that they contact or email me if we were to keep trying to avoid motion practice.  I have heard no response or explanation about the lack of production.

      Plaintiff respectfully requests a pre-motion discovery conference with the Court so as to seek permission to file a motion to compel production of the responsive discovery, in order that the parties move ahead with discovery.  Plaintiffs have conferred  "in good faith" with defendants "in an effort to obtain [the discovery] without court action." Fed. R. Civ. P. 37(a)(1). *See Azzarmi v. Key Food Stores Co-Operative Inc*., 20-CV-6835 at **5-6 (S.D.N.Y May 3, 2021) (requiring good faith consultation under Rule as well as Individual Practices); *In re Autohop Litigation*, 12-CV-4155 at **7-8  (S.D.N.Y. November 3, 2014) (reviewing requests on merits even following inadequate certification of good faith consultation).  Fact discovery is scheduled to be completed by June 18, 2021, and production of these documents is required before deposing defendants or any witnesses.

      Respectfully submitted,

      *s/Michael Ranis*

      Michael Ranis